USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-18-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

TAIWU JENKINS,

Petitioner,

06 Civ. 7171

-against-

OPINION

GARY GREENE,

Respondent.

-----------------------------------X

A P P E A R A N C E S:

Attorney for Petitioner

MALVINA NATHANSON, ESQ.
30 Vesey Street, 4th Floor
New York, NY 10007-4208

Attorney for Respondent

ANDREW M. CUOMO
Attorney General of the State
Of New York
120 Broadway, 22nd Floor
New York, NY 10271
By: Frederick Wen, Esq.
Ashlyn Dannelly, Esq.

**Sweet, D.J.**

Petitioner Taiwu Jenkins ("Jenkins" or the "Petitioner") has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 asserting a violation of his federal constitutional rights arising out of the ineffective assistance of counsel. His petition is opposed by Gary Greene, Superintendent of the Great Meadow Correctional Facility (the "State"). Based on the conclusions set forth below, the petition is denied.

## I. PRIOR PROCEEDINGS

### The Underlying Action

Shortly before midnight on October 20, 1998, Mimsi Nieves and Jamel Verdejo entered a grocery store in upper Manhattan. Petitioner approached Nieves and asked her for change. Nieves recognized Petitioner as a man she had seen on various occasions in her neighborhood. After Nieves refused to give Jenkins any change, he argued with her and then with Verdejo, and followed them outside the store where he struck Verdejo and Nieves in the head and face. Although neither Verdejo nor Nieves immediately

realized that Petitioner had slashed them, Verdejo saw blood dripping down Nieves's face and realized that both he and Nieves had been cut. Verdejo and Nieves ran to a nearby hospital, where they both received stitches to close lacerations on their faces.

Petitioner was arrested on November 15, 1998, and arraigned in Criminal Court on or about November 16, 1998. By Indictment No. 9730/98, filed on November 30, 1998, Jenkins was charged in New York County with two counts of Assault in the First Degree, in violation of New York Penal Law § 120.10(1), and one count of Possession of a Weapon in the Second Degree, in violation of New York Penal Law § 265.03. After a jury trial, the Honorable John E.H. Stackhouse presiding, Jenkins was found guilty of the two assault charges and sentenced on August 10, 2000, to consecutive, determinate terms of 25 years on each count, for an effective sentence of 50 years. The conviction was affirmed by the Supreme Court, Appellate Division, First Department, on February 18, 2003. People v. Jenkins, 756 N.Y.S.2d 151 (App. Div. 2003). On July 17, 2003, Petitioner's application for leave to appeal to the New York State Court of Appeals was denied. People v. Jenkins, 100 N.Y.2d 583 (2003).

Dominic J. Profaci ("Profaci") of The Legal Aid Society was initially assigned to represent Petitioner. Profaci remained his attorney until December 11, 1998, at which time he moved to be relieved due to a conflict of interest involving Jenkins' right to testify before the grand jury. After Profaci was relieved, Jenkins hired Oliver A. Smith ("Smith"), an attorney he had met during an earlier prosecution. Smith represented Jenkins throughout the pre-trial and trial proceedings. After the trial, Petitioner retained a new attorney, Hyman Dechter, who represented Petitioner at sentencing.

**Petitioner's C.P.L § 440.10 Motion to Vacate**

Jenkins, pro se, filed a habeas corpus petition dated April 26, 2004, in the Southern District of New York on June 9, 2004, raising the same five claims he raised on his direct appeal from the judgment of convictions, namely that the trial court erred in rejecting Petitioner's explanations for his challenges of three jurors and improperly imposed on him the burden of disproving that the reasons he offered were pretextual; that the photographic array was unduly suggestive and, thus, all subsequent

identifications should have been suppressed; that he was deprived of his right to a fair trial when the trial court admitted prejudicial hearsay testimony in violation of the Confrontation Clause; that the cumulative impact of the prosecutor's "misconduct in summation" deprived him his right to a fair trial; and finally, that the sentence imposed was harsh and excessive. See Jenkins v. McGuinness, No. 04 Civ. 4348 (RWS) (S.D.N.Y. June 9, 2004). On May 10, 2005, Jenkins' court-appointed counsel asked that the petition be held in abeyance while the Petitioner exhausted his state remedies on an ineffective assistance of counsel issue. By order of May 13, 2005, the case was dismissed "with leave to reopen without penalty and without the payment of filing fees" because Petitioner sought to exhaust his state remedies based on the advice of counsel.

In July 2005, Jenkins filed a motion in the Supreme Court, New York County, pursuant to Criminal Procedure Law ("C.P.L.") § 440.10, seeking vacatur of his conviction on the basis of ineffective assistance of counsel during plea negotiations. Petitioner contended that in June 1999, Smith advised him to reject a plea offer under which he would serve a seven-year prison term, that Smith told him that he only faced a ten- to twelve-year

sentence if he were convicted after trial, and that Petitioner "had a fifty-fifty chance of winning." Aff. of Malvina Nathanson in Support of Petition for a Writ of Habeas Corpus ("Nathanson Aff."), Exh. D at ¶ 5. Petitioner contended that, after that conversation, he asked Smith to try to obtain a better plea offer. Petitioner also claimed that Smith never advised him that he faced a maximum sentence of twenty-five years on each assault count, or that those sentences could be imposed consecutively. Had his counsel properly advised him about his sentencing exposure, Petitioner asserted that he would have accepted the seven-year plea offer.

In support of his § 440.10 motion, Petitioner submitted an April 17, 2005 letter from Jenkins to Smith, in which Jenkins accused Smith of misconduct.[1] Petitioner also submitted Smith's April 21, 2005 letter in response, in which Smith stated that he was "just as surprised as you" when he learned Petitioner's sentence, but that he "was not the one that represented you at the sentence so I am not aware as to how the Judge reached that computation." Aff. of Malvina Nathanson in Further Support of Habeas

[1] According to Petitioner, this letter has been lost and is therefore not in the record. The content of the letter can, however, be inferred from Smith's response, described <u>infra</u>.

Corpus Petition, Exh. M. Smith also stated that his estimate about Petitioner's sentencing exposure had been "based on certain factors including my belief that the Judge would not give you consecutive time. It appears that he did in this case and it also seems that [he] gave you the maximum." Id. Smith disputed Petitioner's questions about his trial performance and stated that "[t]he case was lost as our main witness was caught in a lie. I did not know that she was having contact with you while you were in jail. She testified to the contrary and the Prosecution was able to produce phone records detailing recent calls. Once the jury heard that we were up against it I told you so at the time." Id. Counsel then wished Petitioner "luck" with his federal habeas petition and asked Petitioner to let him know "if there is anything that I can do to assist you in that regard." Id.

In response, the District Attorney's office filed an affirmation asserting that "there is no indication that an offer of seven years imprisonment was ever extended to [Petitioner]" and that "[e]very notation in the file shows that the People were requiring that [Petitioner] plead to the top count of the indictment." Nathanson Aff., Exh. E at ¶ 13.

Petitioner's § 440.10 motion was denied on October 27, 2005, by the Honorable Charles Tejada without a hearing. The decision stated: "Defendant fails to establish that he was not aware of his maximum sentence exposure before trial, that he was made the plea offer he alleges or that his first and/or second [attorney] and/or the Court did not advise him of his maximum sentence exposure during plea negotiations." Id., Exh. F. Jenkins moved for permission to appeal the denial to the Appellate Division, First Department. In support of his motion, Petitioner submitted a supplemental affirmation stating that he had asked his trial counsel to provide an affidavit, that he had waived confidentiality, and that he had not received a response to the request. His application was denied on June 6, 2006.

On June 29, 2006, Jenkins filed another petition for a writ of habeas corpus in this Court, adding the claim raised in his § 440.10 application concerning his lawyer's ineffectiveness. On September 28, 2006, Jenkins wrote the Court again asking that his new petition be held in abeyance so that he could return to the state courts with additional evidence he had just received in support of his

§ 440.10 application. The request was granted on January 9, 2007, on the condition that Jenkins return to federal court "no more than thirty days after state exhaustion is completed." Jenkins v. Greene, No. 06 Civ. 7171 (RWS) (S.D.N.Y. Jan. 11, 2007).

By motion dated September 19, 2006, Jenkins moved in state court to renew the denial of his earlier § 440.10 application. He attached to the motion two letters, dated May 10, 2005, and June 12, 2006, from Petitioner to Smith requesting an affidavit explaining what Smith had told him about his sentencing exposure, as well as a July 21, 2006, affirmation by Smith in which Smith stated that, during his representation of Petitioner, "there were various plea offers made and I communicated them to [Petitioner]." Nathanson Aff., Exh. P. Smith further stated that, "[g]iven the fact that the offenses in question were simultaneous, my discussions with [Petitioner] focused on concurrent time and currently, I did not inform [Petitioner] that his exposure was 50 years." Id. Finally, counsel stated that he was "available to be called as a witness in the event that a hearing is ordered in this case." Id. On February 8, 2007, the motion to renew was denied.

Jenkins then moved in the Appellate Division for permission to appeal the order denying his motion to renew. That motion was denied on June 7, 2007, and Jenkins so informed the district court by letter dated June 27, 2007.

Petitioner subsequently replaced his court-appointed CJA counsel with retained counsel who, on January 7, 2008, filed supplemental papers in support of his petition which abandoned the five claims Petitioner had raised in his initial petition and contended only that Jenkins received the ineffective assistance of counsel during plea negotiations. The petition and the State's opposition were marked fully submitted on October 8, 2008.

## II. DISCUSSION

### A. The Claim Has Been Exhausted

Prior to seeking review in this Court, Petitioner must exhaust all state-provided remedies. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982). A claim will be deemed exhausted only after the Petitioner fairly

presents the same claim that he now urges upon the federal courts to the highest state court which can hear his claim. O'Sullivan, 526 U.S at 848; Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Petitioner has exhausted his ineffective assistance of counsel claim by raising it in his § 440.10 motion to vacate and in asking the Appellate Division to review the denial of the motion. See C.P.L. § 450.90(1); Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) (per curiam). Further, Petitioner raised the claim in federal constitutional terms, citing the Sixth Amendment and controlling federal case law in support of the claim.

**B. The Claim Is Untimely**

According to the State, Petitioner is barred from bringing his ineffective assistance of counsel claim by the applicable statute of limitations. To be timely, a federal habeas corpus petition must be filed within one year of the latest of four dates, including, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), and "the date on which the factual

predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D).[2] Petitioner's claim is untimely under both provisions.

First, pursuant to § 2244(d)(1)(A), Jenkins had until October 15, 2004, to file a petition raising his ineffective assistance of counsel claims. Since his conviction was affirmed by the Appellate Division on February 18, 2003, and the application for leave to appeal was denied by the New York Court of Appeals on July 17, 2003, Petitioner's conviction became final ninety days later, on October 15, 2003, the date his time to seek a writ of certiorari to the Supreme Court expired. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). Petitioner was therefore required to file his petition before October 15, 2004.

While the five claims raised in Jenkins' initial habeas petition, filed in this Court on June 9, 2004, fall well within the one-year limitations period set forth in § 2244(d)(1), Petitioner's ineffective assistance of counsel

[2] The other dates available for measuring the one-year statute of limitations period are not relevant to the instant petition.

claim, filed for the first time on June 29, 2006, does not. Indeed, Petitioner first alerted this Court to the issue when, on May 10, 2005, Petitioner's newly-appointed habeas counsel informed the Court that Petitioner wished to pursue in state court an unspecified ineffective assistance of counsel claim. On that date, the time for filing any new habeas claims had already passed. While the AEDPA limitations period is statutorily tolled during the pendency of a properly-filed application for state post-conviction relief, 28 U.S.C. § 2244(d)(2), Petitioner did not file his § 440.10 motion, raising for the first time in state court the ineffectiveness claim, until July 7, 2005, nearly eight months after the limitations period had expired.

Evaluation of Petitioner's claim under 28 U.S.C. § 2244(d)(1)(D) yields the same result. The factual basis for Petitioner's claim is that he was not accurately advised of his sentencing exposure before making the decision to proceed to trial. Petitioner was made well-aware, however, of his actual sentencing exposure at sentencing on August 10, 2000, when the court imposed two consecutive twenty-five year prison terms. Even if Smith never properly advised Petitioner in this regard, Jenkins

would have certainly learned of the factual predicate for that claim at the time of sentencing. Jenkins did not, however, raise the issue in his initial June 2004 petition. Because Petitioner was made aware of the factual predicate of his claims, namely the degree to which his counsel misinformed him regarding his sentencing exposure, in 2000, his ineffective assistance of counsel claim is untimely.

Nonetheless, Petitioner argues that his petition is timely because the ineffective assistance of counsel claim raised in the petition relates back to the initial petition pursuant to Fed. R. Civ. P. 15(c). Rule 15(c) provides, in relevant part: "An amendment of a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In determining whether the claims set forth in an amended habeas petition relate back to the original petition, a court must look for the existence of a "common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005) (internal citation omitted). It is, however, insufficient for a newly asserted claim to simply derive from the same "trial, conviction, or sentence" as those claims asserted

in the original petition. Id. at 662-64. Nor is it "sufficient for an untimely amendment merely to assert the same general type of legal claim as in the original [habeas petition]." Reiter v. United States, 371 F. Supp. 2d 417, 423 (S.D.N.Y. 2005).

In his initial, timely petition, Petitioner alleged several claims, none of which accused his trial counsel of misconduct during plea negotiations. According to Jenkins, however, the current ineffective assistance claim sufficiently overlaps with his earlier claim contending that he received an excessive sentence to justify relation back. The fact that both claims involve the same sentence is insufficient to merit relation back. See Mayle, 545 U.S. at 662-64. Petitioner's ineffective assistance of counsel claim focuses on plea negotiations that occurred prior to trial, while Petitioner's now-abandoned excessive sentence claim derives from the sentence itself. Because the claim now before the Court rests on facts that differ "in both time and type" from those previously asserted, relation back is not available. Reiter, 371 F. Supp. 2d at 424 (quotations and citation omitted); see also, Kirk v. Burge, No. 07 Civ. 7467 (LTS)(GWG), 2009 WL 438054, at *13 (S.D.N.Y. Feb. 24, 2009)

(denying relation back where "[n]one of the new ineffective assistance claims have any factual connection to the claims in the original petition); Johnson v. Ercole, No. 08 Civ. 1268, 2008 WL 4372649, at *3 (E.D.N.Y. Sept. 22, 2008) (denying leave to amend petition to add claim of ineffective assistance of counsel as to plea bargain where facts underlying new claim did not relate back to initial claim relating to pretrial lineup); Jorge v. Phillips, No. 05 Civ. 6091 (LAP)(MHD), 2008 WL 344718, at *3 (S.D.N.Y. Jan. 31, 2008) (denying motion to amend petitioner sought to add ineffective assistance of counsel as to plea bargain claims to original claims concerning trial rulings and the sentence imposed by the court).

Petitioner also argues that his claim is timely because equitable tolling of the one-year limitations period is available. For equitable tolling to apply, Jenkins must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Extraordinary circumstances are measured by "how severe an

obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008).

The Court is not persuaded that the difficulty Jenkins had in obtaining the affidavit from Smith constitutes an extraordinary circumstance. Petitioner argues that because some New York courts require defendants seeking post-conviction relief on the grounds of ineffective assistance of counsel to provide an affidavit from the attorney whose competence is being attacked, Petitioner's failure to make such a claim before he received the affidavit was justified and constitutes an extraordinary circumstance. Putting aside the fact that such a requirement is neither statutorily required nor always applied by New York courts, see Rosa v. Herbert, 277 F. Supp. 2d 343, 353 (S.D.N.Y. 2003), holding that such a state law requirement constitutes an extraordinary circumstance would mean that every petitioner claiming ineffective assistance of counsel would be able to equitably toll their claims pending receipt of an affidavit. "Equitable tolling only applies in the rare and exceptional circumstance." Smith v. McGiniss, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotations and citation

omitted). Since nothing in the record indicates that Jenkins' relationship with Smith was especially fraught or contentious – indeed Smith appeared to be happy to assist Jenkins in any way he could in pursuing this petition – no extraordinary circumstances existed to equitably toll the one-year statute of limitations. Accordingly, Petitioner's claim is untimely.

## III. CONCLUSION

For the reasons set forth above, the petition is denied.

It is so ordered.

**New York, N.Y.**
**August 18, 2009**

**ROBERT W. SWEET**
**U.S.D.J.**